IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40405
Conference Calendar
_____

MICHAEL THOMAS HUMPHREY,

Plaintiff-Appellant,

versus

BERNIE BUSH, Captain,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-470
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Michael Thomas Humphrey, a Texas state prisoner, filed a pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 action against Captain Bernie Bush for allegedly refusing to allow Humphrey to call witnesses at a disciplinary hearing and for allegedly assigning Humphrey to the wrong classification before demoting him as punishment. Although this court recently barred Humprhrey from filing any more suits in the federal district courts without

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

prior judicial approval, Humphrey v. Luna, 95-20204, slip op. at 7 (5th Cir. June 21, 1995) (unpublished), this instant action and the resulting appeal were both filed before the imposition of the sanction.

"An inmate has neither a protectible property nor liberty interest in his custody classification."  See Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (same). Additionally, "[a] negligent act does not rise to a constitutional violation."  Moody, 857 F.2d at 258.

Bush, as a hearing officer, was not responsible for determining any question regarding Humphrey's line class status, and he properly relied on the major grading sheet, which showed Humphrey as a Line Class II, instead of a Line Class I, which Humphrey claimed he was.  At best, Humphrey has set out a claim of mere negligence against Bush, which does not amount to a constitutional violation.  See Moody, 857 F.2d at 258.

Humphrey was advised of his right to call and question witnesses, but declined to exercise his right.  On appeal, Humphrey admits that neither he nor his counsel substitute requested any witnesses.  The magistrate judge properly dismissed Humphrey's claims as frivolous.

AFFIRMED.